**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4979**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN A. STEPHENS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Terrence W. Boyle, District Judge.  (2:08-mj-01024-BO-1)

submitted: April 20, 2009       Decided:  August 17, 2009

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, reversed in part and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian A. Stephens appeals his convictions for carrying an open container of alcohol in a vehicle within a national park, in violation of 36 C.F.R. § 4.14(b) (2008), possession of marijuana in a national park, in violation of 36 C.F.R. § 2.35(b)(2) (2008), and possession of drug paraphernalia, in violation of 18 U.S.C. § 13 (2006), and N.C. Gen. Stat. § 90-113.22 (2007). On appeal, Stephens contends that the district court erred in convicting him of the open container offense, as the facts fell within the exception to the regulation that exists for "an open container carried or stored in a motor vehicle parked at an authorized campsite where the motor vehicle's occupant(s) are camping." 36 C.F.R. § 4.14(c)(3) (2008). Stephens also argues that because the owner of the van had neither actual nor apparent authority to consent to a search of the box containing the marijuana, the contraband discovered therein should have been suppressed as fruit of the poisonous tree.

The Government concedes that the district court erred in convicting Stephens of the open container violation, as his conduct fell within the above-cited exception to the regulation. Concerning Stephens's Fourth Amendment argument, the Government contends that the owner of the van had the actual authority to consent to a search of the van, and that even if such authority

2

did not actually exist, the rangers reasonably relied upon it. We affirm in part, reverse in part, and remand.

Both Stephens and the Government are in agreement that the district court erred in convicting Stephens of the open container violation, and the regulation itself supports their position. Accordingly, we reverse the judgment of the district court finding Stephens guilty of violating the open container prohibition of 36 C.F.R. § 4.14(b), and remand for correction of the judgment.

Therefore, the only issue remaining before us is whether the district court erred in denying Stephens's motion to suppress. When reviewing the denial of a motion to suppress, we review de novo the district court's legal determinations, and review its factual determinations for clear error. United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008), cert. denied, 129 S. Ct. 943 (2009). Evidence is viewed in the light most favorable to the government. Id.

The Fourth Amendment does not prohibit all searches and seizures, merely those found to be unreasonable. Florida v. Jimeno, 500 U.S. 248, 250 (1991). A warrantless search "is per se unreasonable subject only to a few specifically established and well-delineated exceptions," one of which is "a search that is conducted pursuant to consent." Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (internal quotation marks and citations

3

omitted).  Consent may be given by the owner of the property, or a third-party possessing common authority over the place or articles to be searched.  United States v. Matlock, 415 U.S. 164, 171 (1974).  Common authority is based upon parties' mutual use of the property.  When performing a consent search, officers need not separately request permission to open each container within a vehicle.  Jimeno, 500 U.S. at 252.

Here, it is clear that the owner of the van had authority to consent to a search of the van and containers therein.  Further, as both Stephens and the van's owner were living out of the van with no obvious demarcation between one another's property, both parties had common authority over property within the vehicle and the right to permit inspection. Matlock, 415 U.S. at 171 n.7.

Therefore, as the owner of the van had authority to consent to a search of his van and the containers therein, the rangers did not violate Stephens's Fourth Amendment rights and the district court did not err in denying the motion to suppress.

Accordingly, we reverse the judgment of the district court as to Stephens's open container conviction, affirm the remaining convictions, and remand the case for correction of the judgment.  We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
REVERSED IN PART, AND REMANDED